# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEON LION I EUGENE WHITE, JR,**

       **Plaintiff,**

v.                                                             Case No. 19-CV-646

**OFFICER THOMAS OZELIE, et al.**

       **Defendants.**

## ORDER AND RECOMMENDATION

Currently pending before the court is Leon Lion I. Eugene White, Jr.'s Request to Proceed in District Court without Prepaying the Filing Fee.

Having reviewed White's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, White's Request to Proceed in District Court without Prepaying the Filing Fee will be granted. However, because the court is granting White's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic,"

"delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in White's complaint. White alleges that on April 24, 2019, Officer Ozelie, an officer with the Milwaukee Police Department, assaulted him and slammed him on the hood of a squad car. White contends Ozelie did this because Ozelie did not like that White "was Rastafari, Moorish American National." (ECF No. 1 at 2.) He alleges violations of the First and Eighth Amendments.

White also offers other allegations, such as that he "has the right to control the territory he … stands as a Moor according to Article 26 (1-3)," and that Ozelie "violated the Treaty of Peace and Friendship" and the "Charter of the United Nations Declaration of Human Rights of Indigenous Peoples." (ECF No. 1 at 3.) He alleges his marijuana and Haile Selassie Emblem Pendant were illegally confiscated. (ECF No. 1 at 4.) According to White, this constituted a denial of "his religious and cultural material" by Ozelie and his sergeant, "Sgt. Perry," in violation of "Article 11(1-2), Article 12(1-2), Article 24(1-2), Article 25, Article 31(1-2) and Article 32(3)." (ECF No. 1 at 4.)

Although undeveloped and unexplained, White's complaint suggests the sorts of frivolous theories of Moorish heritage vis-à-vis sovereignty that courts have universally rejected. *See, e.g.*, *Mitzs v. Zore*, No. 1:13-cv-01052-JMS-TAB, 2013 U.S. Dist. LEXIS 98706, at *1-3 (S.D. Ind. July 15, 2013) (holding that claim based "on the Treaty of Peace and Friendship of 1787 between Morocco and the United States" "is frivolous [and] warrants no further discussion") (citing *Hamilton v. Schroeder*, No. 4:13CV822 CEJ, 2013 U.S. Dist. LEXIS 82422 (E.D. Mo. June 12, 2013) (claim against state court judge based on Treaty of Peace and Friendship dismissed as legally frivolous); *Hall-El v. United States*, No. 1:11CV1037, 2013 U.S. Dist. LEXIS 48003 (M.D.N.C. Apr. 3, 2013) ("claims which rely on international treaties or organizations and rights of Moorish nationals are clearly frivolous and do not state a claim"); *Bey v. Zajeski*, No. 02 C 2996, 2003 U.S. Dist. LEXIS 1465 (N.D. Ill. Jan. 29, 2003) (dismissed "unusual, non-federal" claim based on Treaty of Peace and Friendship between Morocco and United States as frivolous)); *Mfalme El Bey v. Centralia Police Dep't*, No. 13-cv-313-JPG, 2013 U.S. Dist. LEXIS 59670, at *9 (S.D. Ill. Apr. 25, 2013) (citing *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders" regardless of citizenship); *United States v. Toader*, 409 F. App'x 9, 13 (7th Cir. 2010) (rejecting claim of Native Asiatic Moorish National Citizen that federal criminal laws did not apply to him); *Shahir-El ex rel. Banks v. City of Chicago Dept. of Admin. Hearings*, 2013 IL App (1st) 120448-U, 2013 WL 968282, at *2 (Ill. App. 2013) (argument that member of the Moorish Science Temple

5

of America is not subject to state laws has no merit); *Pitt-Bey v. District of Columbia*, 942 A.2d 1132, 1135-36 (D.C. 2008) (rejecting Moorish national's claim of immunity from prosecution under the 1837 Moroccan-American Treaty of Peace and Friendship)); *McDonald-Bey v. Springer*, No. 1:12-CV-120, 2012 U.S. Dist. LEXIS 57121, at *5 (N.D. Ind. Apr. 24, 2012); *Golden Ali v. Centralized Infractions Bureau*, No. 1:12-CV-53-TLS, 2012 U.S. Dist. LEXIS 52934, at *5-7 (N.D. Ind. Apr. 16, 2012); *Blake-Bey v. Vill. of S. Holland*, No. 11 C 5987, 2011 U.S. Dist. LEXIS 131946, at *9 (N.D. Ill. Nov. 15, 2011) (citing *Moorish Nat'l Republic v. City of Chi.*, No. 10-cv-1047, 2011 U.S. Dist. LEXIS 78904 (N.D. Ill. July 19, 2011)); *Moorish Nat'l Republic v. City of Chi.*, No. 10-cv-1047, 2011 U.S. Dist. LEXIS 78904, at *24 (N.D. Ill. July 19, 2011) (citing *Sanders-Bey v. United States*, 267 Fed. Appx. 464, 466 (7th Cir. 2008)). Therefore, the court finds frivolous all such arguments, including that White "has the right to control the territory the [sic] he … stands as a Moor …" (ECF No. 1 at 3); claims under the "Treaty of Peace and Friendship" (ECF No. 1 at 3-4); claims under "The Charter of the United Nations Declaration on the Human Rights of Indigenous Peoples and Selassie I Government" (ECF No. 1 at 3); and that he was "officiating as a Sovereign Governing National" (ECF No. 1 at 3).

As to the remainder of his allegations with respect to Officer Ozelie, at best the court might be able to speculate as to constitutional claims White may be attempting to present. Although the court must broadly construe his complaint in light of his pro se status, that does not mean the court is to guess as to the claim a litigant may be

6

asserting, and it certainly does not permit the court to rewrite a complaint to state a claim. The court finds that White has failed to present a plausible claim against Officer Ozelie. However, because that conclusion may be the result of a lack of clarity in White's complaint, the court will permit White the opportunity to amend his complaint. This permission to amend is limited to constitutional claims.

Thus, the court concludes that White has not alleged a plausible claim under the Treaty of Peace and Friendship, Charter of the United Nations Declaration of Human Rights of Indigenous Peoples, or any other purported authority. Moreover, because White's claims against Sgt. Perry are not based on the Constitution, the court finds White has failed to allege any claim against Sgt. Perry. However, the court will afford White the opportunity to amend his complaint to attempt to allege a plausible constitutional claim against Officer Ozelie.

White also alleges that on April 18, 2019, Milwaukee Police Officer L. Rodgers similarly "illegally apprehended and detained" White. White demands to be "fully compensated for his marijuana that was illegally confiscated by Officer L. Rodgers." (ECF No. 1 at 5.) White similarly alleges that Officer Rodgers's actions violated the Treaty of Peace and Friendship, the United Nations Declaration of Human Rights of Indigenous Peoples.

White does not articulate how his apprehension and detention by Officer L. Rodgers was illegal. His unadorned conclusion that he was illegally apprehended and

detained is insufficient to state a claim. Moreover, it appears that any claim against Officer L. Rodgers relating to events on April 18, 2019, could not be properly joined with White's claims regarding Officer Ozelie and the events of April 24, 2019. *See* Fed. R. Civ. P. 20.

Finally, because marijuana is contraband, White is not entitled to compensation for its seizure. White does not allege that Officer Rodgers discovered the marijuana through an unlawful search. Thus, White has not alleged a plausible claim against Officer Rodgers. To the extent that White may be alleging that he has a constitutional right to possess marijuana and must be compensated for its loss, for religious or any other reason, such arguments have been repeatedly rejected. *See United States v. Israel*, 317 F.3d 768, 772 (7th Cir. 2003); *United States v. Jefferson*, 175 F. Supp. 2d 1123, 1131 (N.D. Ind. 2001) (discussing *Olsen v. Drug Enf't Admin.*, 878 F.2d 1458, 1460-63 (D.C. Cir. 1989); *United States v. Rush*, 738 F.2d 497, 513 (1st Cir. 1984)).

**IT IS THEREFORE ORDERED** that White's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS RECOMMENDED** that White's complaint be dismissed for failure to state a claim. White may file an amended complaint regarding the events of April 24, 2019, and the actions of Officer Ozelie. If White wishes to pursue any claim against Milwaukee Police Officer L. Rodgers and the events of April 18, 2019, he must file a separate action.

**IT IS FURTHER ORDERED** that any amended complaint must be filed no later than **May 24, 2019**. An amended complaint must be complete; it may not refer to or incorporate by reference the original complaint. **<u>Failure to submit an amended complaint by May 24, 2019 will result in this action being dismissed.</u>**

**IT IS FURTHER ORDERED** that the all of the plaintiff's filings with the court shall be mailed to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that failure to comply with all deadlines in this matter may have serious consequences which may include the loss of certain rights or the dismissal of this entire action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may

be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 9th day of May, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge